**SOUTH DAKOTA POULTRY COOPERATIVE, Appellant,**

v.

**HI–PRO FOODS CORPORATION and Eldon F. Tucker, Appellees.**

**No. 86–5190.**

United States Court of Appeals, Eighth Circuit.

Submitted March 10, 1987.

Decided May 4, 1987.

Rehearing Denied June 1, 1987.

J.G. Shultz, Sioux Falls, S.D., for appellant.

Margaret M. Prahl, Sioux City, Iowa, for appellees.

Before LAY, Chief Judge, JOHN R. GIBSON, Circuit Judge, and HANSON,* Senior District Judge.

HANSON, Senior District Judge.

South Dakota Poultry Cooperative (Cooperative) appeals the district court's summary judgment against its claims of breach of contract and tortious interference with contract. The district court granted defend-

---

* The HONORABLE WILLIAM C. HANSON, United States Senior District Judge for the Northern and Southern Districts of Iowa, sitting by designation.

ants' summary judgment motion on the ground that the action was barred by *res judicata*.

On April 19, 1984 Hi-Pro filed a small claims action in Iowa District Court for Winneshiek County against the Cooperative, claiming $1,248.05 for failure to pay royalties arising out of a marketing arrangement between the two parties which had gone awry. The Cooperative was personally served notice of the small claim on May 8, 1984. On June 4, 1984 the Cooperative filed an answer denying Hi-Pro's claim, counterclaiming for $317,284.27 in which it charged Hi-Pro with breach of contract. Because the Cooperative's counterclaim exceeded the jurisdictional amount for small claims, the magistrate ordered the small claim and counterclaim to be tried by "regular procedure," and transferred the case to the regular docket.

Hi-Pro then, on June 29, 1984, moved the court to require the Cooperative to recast its counterclaim to conform to the Iowa Rules of Civil Procedure. The Cooperative did not resist the motion, which was granted on July 17, 1984. Hi-Pro then moved on September 19, 1984 for a default judgment. The court granted that motion on October 2, 1984. With regard to the Cooperative's counterclaim, the Iowa court ruled that "the counterclaim filed herein, if any there be, is hereby dismissed." The Cooperative thereafter moved to vacate the default judgment. On November 20, 1984 the Iowa court denied the Cooperative's motion. The Cooperative did not appeal the Iowa court's denial of its motion to set aside default.

Subsequently, the Cooperative filed a complaint against Hi-Pro in the United States District Court for the District of South Dakota, charging defendant Hi-Pro with breach of contract and tortious interference with contract. Relying upon the Iowa court's ruling dismissing the Cooperative's counterclaim, the South Dakota court dismissed the Cooperative's complaint, holding that it was barred by the doctrine of *res judicata* and the Full Faith and

Credit Clause of the Constitution. AFFIRMED. *See* 8th Cir. R. 14.